UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Svendsen,                                           Civil No. 16-583 (PJS/FLN)

     Plaintiff,

v.
                                                            **REPORT AND**
G4S Secure Solutions (USA) Inc.,                            **RECOMMENDATION**

     Defendant.

_____

Wyatt Partridge for Plaintiff.
Jacalyn Chinander and Toni Read for Defendant.

_____

This matter came before the undersigned United States Magistrate Judge on Defendant G4S Secure Solutions (USA) Inc.'s ("G4S") motion to dismiss (ECF No. 5). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that G4S's motion be **GRANTED** with leave for Plaintiff to file an amended complaint.

Plaintiff Stephen Svendsen worked as a security guard for G4S from February 2013 until Fall 2014. Compl. ¶¶ 7, 17–20, ECF No. 1-2. During his employment with G4S, Svendsen was also a member of the Service Employees International Union, Local 26 (the "Union"). *Id.* ¶ 8. On July 22, 2014, Svendsen filed an unfair-labor practices charge against G4S. *Id.* at 14. On July 30, 2014, a draft termination notice accompanied with a letter was sent to Svendsen's Union steward alleging that Svendsen "misappropriated customer private and/or confidential information." *Id.* at 15; Pl.'s Opp'n Mem. 4, ECF No. 22.

Svendsen thereafter initiated this action *pro se* in Minnesota state court on February 15, 2016, alleging the following claims: violation of the Americans with Disabilities Act, 42 U.S.C. §§

12101, *et seq.* ("ADA"), violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01–.43 ("MHRA"), negligent referral, and defamation. Mem. in Supp. of Mot. 1, ECF No. 7; ECF No. 22 at 6–7. G4S removed the case to federal court on March 7, 2016, and filed the present motion to dismiss on March 14, 2016. Not. of Removal, ECF No. 1; Mot. to Dismiss, ECF No. 5. The Court referred Svendsen to the FBA *Pro Se* Project on March 8, 2016. *See* Ltr., ECF No. 4. The *Pro Se* Project Coordinator, Tiffany Sanders, was able to secure representation for Svendsen, and his attorney filed a notice of appearance on June 2, 2016. Not. of Appearance, ECF No. 20.

Counsel for Svendsen, in both his briefing and at the hearing on this motion, conceded that all claims other than Svendsen's claim for defamation should be dismissed. *See* ECF No. 22 at 7–8. Counsel has also requested leave to file an amended complaint which would clarify and include a single count for defamation. As an initial matter, the undersigned recommends that all of Svendsen's claims, other than for defamation, should be dismissed.

The Court observes that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, preempts state law claims that rely upon the language or require the interpretation of the Collective Bargaining Agreement ("CBA") governing Svendsen's employment. Chinander Decl. Ex. A, ECF No. 8. G4S argues that there are only two alleged defamatory statements at issue: (1) the draft termination notice, and (2) the chronology of events; both of which were sent to Svendsen's Union steward pursuant to the CBA. According to G4S, the Court would need to interpret the CBA to determine if these two statements are privileged, thereby preempting Svendsen's defamation claim under the LMRA. While Plaintiff's counsel did not dispute G4S's representation at the hearing that these are the only statements at issue, it is not clear to the Court from the *pro se* Complaint what statements Svendsen alleges are defamatory and to whom those

statements were published. Svendsen should be given an opportunity to file an amended complaint with the benefit of counsel articulating the precise nature of his claim.

The law is clear, however, that a discharge letter or draft termination notice where the CBA requires written notice of termination be provided to the employee and the Union is "part of the entire proceeding contemplated by the provisions of the [CBA] for the grievance machinery" and therefore preempted by the LMRA. *See Hasten v. Phillips Petroleum Co.*, 640 F.2d 274, 276 (10th Cir. 1981); *see also Mike v. Ron Saxon Ford, Inc.*, 960 F. Supp. 2d 1395 (D. Minn. 1997). If G4S's representations are correct that these two statements are the only alleged defamatory statements at issue, Svendsen's claim for defamation must be dismissed. Therefore, Svendsen has sixty (60) days from the date of this Report and Recommendation to file an amended complaint. If he cannot, however, identify any alleged defamatory statements made outside the employer-employee relationship and the CBA's termination process, the Complaint must be dismissed in its entirety.

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. G4S's motion should be **GRANTED** as to all claims, with the exception of Svendsen's claim for defamation.

2. Svendsen has sixty (60) days from the date of this Report & Recommendation to file an amended complaint clearly articulating his claim for defamation. If Svendsen is not able to identify any alleged defamatory statements made outside of the employer-employee relationship, the claim for defamation should also be dismissed. After Svendsen files his amended complaint, G4S may renew its motion to dismiss if it still believes that the pleading fails to state a claim for which relief can be granted.

DATED: July 21, 2016                     _s/Franklin L. Noel_
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 5, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 5, 2016** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.