UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN SVENDSEN, | Case No. 16-CV-0583 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| G4S SECURE SOLUTIONS (USA) INC., | |
| Defendant. | |

Lisa Lamm Bachman and Wyatt S. Partridge, FOLEY & MANSFIELD, PLLP, for plaintiff.[1]

Jacalyn N. Chinander and Susan M. Hansen, MEAGHER & GEER, PLLP; Toni Read, LEWIS BRISBOIS BISGAARD & SMITH, LLP, for defendant.

This matter comes before the Court on plaintiff Stephen Svendsen's objection to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") of July 22, 2016.[2] ECF No. 28. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court adopts the R&R, with the following clarification:

Judge Noel recommended that all of Svendsen's claims against his former employer, defendant G4S Secure Solutions (USA) Inc. ("G4S"), be dismissed with

---

[1] This lawsuit was filed by the plaintiff acting pro se. At the request of the Federal Bar Association's Pro Se Project, Bachman and Partridge agreed to represent plaintiff. The Court expresses its appreciation to Bachman and Partridge.

[2] Judge Noel signed the R&R on July 21, but it was not entered until July 22.

prejudice, save his defamation claim. As to Svendsen's defamation claim, Judge Noel recommended that Svendsen be given leave to replead. Neither party objects to this recommendation, as far as it goes.

In his R&R, however, Judge Noel also expressed the opinion that Svendsen's anticipated defamation claim—that is, the defamation claim that he will likely plead in his amended complaint—should be dismissed insofar as it relies on a draft termination letter and a chronology of events that G4S provided to Svendsen's union. Judge Noel explained why he thought that a defamation claim based on those two statements would be preempted by the Labor Management Relations Act ("LMRA"). Svendsen objects to this assertion, disputing Judge Noel's analysis.

The Court is not now going to rule on an *anticipated* defense to an *anticipated* claim. Svendsen should replead his defamation claim and specifically identify each and every statement on which he bases that claim. Defendant can then move to dismiss the amended complaint, and the Court will rule on that motion. At that time, the Court will address LMRA preemption and any other issues raised by the parties. The Court will address those issues de novo; in other words, the analysis set forth in the R&R will play no part in the Court's decision.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The objection of plaintiff Stephen Svendsen [ECF No. 29] is OVERRULED.

2. The Report and Recommendation of July 22, 2016 [ECF No. 28] is ADOPTED.

3. Defendant G4S Secure Solutions (USA) Inc.'s motion to dismiss [ECF No. 5] is GRANTED IN PART and DENIED IN PART. Svendsen's defamation claim is DISMISSED WITHOUT PREJUDICE. All of Svendsen's other claims are DISMISSED WITH PREJUDICE.

4. Svendsen is GRANTED LEAVE to file an amended complaint that more clearly describes his claim for defamation. The amended complaint must be filed by October 28, 2016, and it must specifically identify each and every statement on which Svendsen bases his defamation claim.

5. If Svendsen fails to file an amended complaint by October 28, 2016, the Court will enter judgment dismissing his defamation claim without prejudice and all of his other claims with prejudice.

Dated: August 31, 2016                s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge