UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN SVENDSEN, | Case No. 16-CV-0583 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| G4S SECURE SOLUTIONS (USA) INC., | |
| Defendant. | |

Defendant G4S Secure Solutions (USA) Inc. ("G4S")—the prevailing party in this case—submitted a bill of costs totaling $2,399.57 against plaintiff Stephen Svendsen. ECF No. 98. The bill of costs sought to recover the amounts paid by G4S for transcripts of the depositions of Svendsen and Christopher Kenealy and for FedEx charges to deliver those transcripts. *See* ECF No. 98. After review, the Clerk of Court entered a cost judgment against Svendsen in the amount of $2,346.55. ECF No. 100. (The Clerk did not allow G4S to tax $53.02 in FedEx delivery fees. *See* ECF No. 100 at 1.) This matter is before the Court on Svendsen's motion to review the taxation of costs. ECF No. 101. For the reasons that follow, the Court denies Svendsen's motion.

The Court has substantial discretion in deciding whether to award costs to a prevailing party under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). "A prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517

(8th Cir. 2006) (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).

Svendsen asks the Court to reverse the taxation of costs against him for two reasons. First, he argues that the two deposition transcripts were not "necessarily obtained for use in [this] case." ECF No. 101 at 2. Second, he argues that he is "unable to pay the amount of money now or in the future." ECF No. 101 at 4.

First, the Court finds that both deposition transcripts were reasonably necessary to G4S at the time that it ordered them. Svendsen argues that the transcripts were ordered for purely investigatory purposes because G4S's summary-judgment motion did not "rely on the depositions" either "in fact or law." ECF No. 101 at 3. That is simply not true. G4S cited to both depositions throughout its memorandum in support of its summary-judgment motion and submitted both depositions into the record.[1] *See Sorin Grp. USA, Inc. v. St. Jude Med., S.C., Inc.*, No. 14-CV-4023 (JRT/HB), 2017 WL 3503360, at *5 (D. Minn. Aug. 15, 2017) (finding deposition transcripts "necessary" when

---

[1] G4S cited to the Kenealy deposition throughout its memorandum. *See, e.g.*, ECF No. 69 at 7, 8, 9, 10, and 30. G4S also cited to the Svendsen deposition throughout its memorandum. *See, e.g.*, ECF No. 69 at 3, 4, 5, 6, 7, 9, 10, 15, 17, 18, 20, 21, 22, 27, 29, and 30 (citing to the plaintiff deposition). G4S's attorney then filed transcripts of both depositions. *See* ECF No. 72-1 (Svendsen deposition); ECF No. 72-3 (Kenealy deposition).

the party seeking costs cited to the transcripts in "its memorandum in support of its motion for summary judgment"). And this Court cited to both depositions throughout its order granting summary judgment to G4S on Svendsen's defamation claims. *Svendsen v. G4S Secure Sols. (USA) Inc.*, No. 16-CV-0583 (PJS/HB), 2018 WL 4374008 (D. Minn. Sept. 13, 2018).

The Court notes that G4S would be entitled to recover its costs even if G4S had not cited the transcripts in support of its summary-judgment motion. "[D]eposition transcripts for witnesses that possessed information relevant to the claims or defense in the case may be taxed" even if those "transcripts were not used at summary judgment." *Superior Seafoods Inc. v. Hanft Fride*, No. 05-CV-0170 (DWF/FLN), 2011 WL 6218286, at *1 (D. Minn. Nov. 21, 2011), *report and recommendation adopted*, 2011 WL 6218000 (D. Minn. Dec. 14, 2011). At the time that the transcripts were ordered, both Svendsen and Kenealy unquestionably possessed information relevant to Svendsen's claims and G4S's defenses.[2] *See Zotos*, 121 F.3d at 363.

Second, Svendsen has not proven that he cannot afford to pay the costs now or in the future. To be sure, a party's indigence is a valid reason to deny costs. *See Poe v. John*

---

[2]Svendsen alleged that G4S defamed him on two occasions. One of the allegedly defamatory statements was made in a report written by Kenealy. *See* Am. Compl. ¶¶ 65-72; *see also id.* at ¶¶ 32-35. Obviously, Svendsen (the victim of Kenealy's allegedly defamatory statement) and Kenealy (the author of that allegedly defamatory statement) were critically important witnesses.

*Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). But a "nonprevailing party must be facing dire financial circumstances" to avoid paying costs. *Kaplan v. Mayo Clinic*, No. 07-CV-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). "Furthermore, '[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future.'" *Id.* (quoting *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003)). The losing party can satisfy its burden to establish indigence by submitting "affidavits or other evidence of income, assets, and schedules of expenses." *Id.*

Svendsen has provided no evidence that he cannot currently pay $2,346.55 in costs, much less that he will be unable to pay those costs in the foreseeable future. Instead, he simply asserts that he is a "person of modest means" who qualified for *in forma pauperis* status. ECF No. 101 at 4-5. As far as the record reflects, however, Svendsen is a skilled, able-bodied man who is capable of earning a substantial income and is far from retirement age. Svendsen's unsupported assertions regarding his inability to pay do not warrant reversal of costs.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for review of the taxation of costs [ECF No. 101] is DENIED.

Dated: January 22, 2019

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge